UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 23-3779 PA (JCx) | Date | July 11, 2023 |
|---|---|---|---|
| Title | Clement 1 LLC v. Scottsdale Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss Plaintiff's Complaint (Docket No. 17) filed by defendant Scottsdale Insurance Company ("Defendant"). The matter is fully briefed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for July 17, 2023, is vacated, and the matter taken off calendar.

**I.    Background**

On December 14, 2022, plaintiff Clement 1 LLC ("Plaintiff") filed a complaint against Defendant in Los Angeles County Superior Court, Case No. 22STCV39008. The Complaint alleges that on February 28, 2022, Defendant issued Plaintiff a commercial general liability policy (the "Policy") that included fire and water damage coverage. On October 8, 2022, Plaintiff had a fire loss at the insured premises. Plaintiff alleges that it timely notified Defendant of the fire loss, but that Defendant refused to provide coverage due to an earlier sent Notice of Cancellation. The Notice of Cancellation, sent May 13, 2022, purportedly cancelled the Policy and identified a single ground for cancellation, "[d]ue to carrier's request." Plaintiff alleges that the Notice of Cancellation was defective under California Insurance Code 676, which limits an insurer's right to cancel. On November 18, 2022, Plaintiff notified Defendant that the Notice of Cancellation was defective and that the Policy was still in effect at the time of the October 8, 2022 fire loss. On November 28, 2022, Defendant responded that "[o]ur position remains unchanged, we are reiterating our disclaimer at this time." The Complaint asserts two causes of action: (1) breach of contract; and (2) breach of the covenant of good faith and fair dealing.

On January 21, 2023, Defendant removed the action to federal court and on January 27, 2023, this Court remanded for lack of subject matter jurisdiction. On May 17, 2023, Defendant again removed the action to federal court and adequately alleged subject matter jurisdiction. Now, Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3779 PA (JCx) | Date | July 11, 2023 |
|---|---|---|---|
| Title | Clement 1 LLC v. Scottsdale Insurance Company | | |

## II. Legal Standard

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3779 PA (JCx) | Date | July 11, 2023 |
|---|---|---|---|
| Title | Clement 1 LLC v. Scottsdale Insurance Company | | |

### III.  Discussion

Defendant contends that the Notice of Cancellation was effective under the Policy's terms and, as a result, Plaintiff's claims fail as a matter of law. Defendant's argument relies in part upon the Court's ability to consider extrinsic evidence, so the Court first addresses that issue before turning to the sufficiency of Plaintiff's claims.

#### A.  Extrinsic Evidence

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." Id. Defendant relies upon both exceptions in moving to dismiss. Plaintiff asserts a blanket objection "to any consideration of evidence contrary to the allegations of the Complaint" because "[c]onsideration of such evidence extrinsic to the complaint is entirely inappropriate in the context of a motion to dismiss." (Opp'n at 8, Docket No. 20.)

Defendant contends that Plaintiff's Complaint incorporated by reference the Policy and Notice of Cancellation. "[U]nder the 'incorporation by reference' doctrine, [courts may] take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999)); see also Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) (noting that courts must consider a complaint in its entirety, along with any documents incorporated by reference or subject to judicial notice, to resolve a motion to dismiss). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken–or doom–their claims." Khoja, 899 F.3d at 1002 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel, 183 F.3d at 986 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)). Here, the Complaint references the contents of the Policy and Notice of Cancellation several times and their authenticity is undisputed. (See Compl. ¶¶ 4, 6, 8, 18-19, 21.) Accordingly, the Court finds it may properly consider the Policy and Notice of Cancellation under the incorporation by reference doctrine in deciding the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3779 PA (JCx) | Date | July 11, 2023 |
|---|---|---|---|
| Title | Clement 1 LLC v. Scottsdale Insurance Company | | |

Defendant also requests the Court take judicial notice of two documents, a January 5, 2018 Order in Exotic Reef Imports, Inc. v. Scottsdale Ins. Co., 2018 WL 1030342, and a February 27, 2023 Demurrer to Plaintiff's Complaint from the state court action. A court "may judicially notice a fact that is not subject to reasonable dispute because it" either (1) "is generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). "Proper subjects of judicial notice when ruling on a Rule 12 motion include court documents already in the public record and documents filed in other courts; records of state agencies; and publicly accessible websites." Minor v. FedEx Off. & Print Servs., Inc., 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015) (internal citations omitted). Because the documents are already available as documents filed in other courts, the Court finds they are properly subject to judicial notice. However, the Court cannot take judicial notice of any disputed facts therein. See Lee, 250 F.3d at 689.

### B.     Breach of Contract

To prevail on a breach of contract claim, a plaintiff must establish: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990) (citing Reichert v. Gen. Ins. Co., 68 Cal. 2d 822, 830 (1968)). Defendant argues that Plaintiff cannot establish Defendant breached the Policy, because the Notice of Cancellation was effective under the Policy's terms and the California Insurance Code.

Under the California Insurance Code, "'[c]ancellation' means termination of coverage by an insurer (other than termination at the request of the insured) during a policy period." Cal. Ins. Code § 660(g). Generally, insurance policies may be cancelled only pursuant to their terms, by mutual consent, or where authorized by statute. See Clarendon Nat'l Ins. Co. v. Ins. Co. of the W., 442 F. Supp. 2d 914, 937-38 (E.D. Cal. 2006) (citing Spott Elec. Co. v. Indus. Indem. Co., 30 Cal. App. 3d 797, 806, 106 Cal. Rptr. 710 (1973)). "Subject to legislative restriction, parties may agree on the cause, method, and means of cancellation." Id. at 938 (citing Jensen v. Traders & Gen. Ins. Co., 52 Cal.2d 786, 790, 345 P.2d 1 (1959)). Here, Plaintiff contends that California Insurance Code Section 676 limits Defendant's right to cancel the insurance policy. Under Section 676, "[a]fter a policy specified in Section 675 has been in effect for 60 days, or, if the policy is a renewal, effective immediately, no notice of cancellation shall be effective unless it is based on the occurrence" of one of six enumerated situations. Plaintiff argues that limitation applies, as the Policy had been in effect for 60 days and was a renewal policy, and that Defendant's Notice of Cancellation was deficient for not stating an enumerated ground for cancellation from Section 676.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3779 PA (JCx) | Date | July 11, 2023 |
|---|---|---|---|
| Title | Clement 1 LLC v. Scottsdale Insurance Company | | |

    Defendant counters, and the Court agrees, that Section 676 does not apply to the Policy. By its terms, Section 676 specifically applies to "a policy specified in Section 675."[1/] Section 675, in turn, limits application of the insurance code chapter to those insurance plans, other than automobile and workers' compensation insurance, that insure against loss on residential real property, personal property not used in commercial enterprises, and liability arising outside of commercial liability. See Cal. Ins. Code § 675; see also Gasumyan v. Travelers Cas. Ins. Co. of Am., No. 16-08197-AB (GJSx), 2017 WL 6888703, at *2 (C.D. Cal. Dec. 6, 2017) (finding that California Insurance Code Section 677, which requires mailed notice of cancellation, did not apply to a commercial policy because Section 675 limited the chapter's application to "insurance on residential real property, insurance on personal property except that used in a commercial enterprise, and liability policies except for commercial liability policies"). It is undisputed here that the Policy is a commercial insurance policy, so Sections 675 and 676 do not apply. Instead, the relevant California Insurance Code provision to consider is Section 676.2, which governs the cancellation of commercial insurance policies. See Curtis v. Zurich Am. Ins. Co., No. 1:06-CV-00053 OWW LJO, 2007 WL 963294, at *6 (E.D. Cal. Mar. 29, 2007). In similar fashion to Section 676, Section 676.2 limits the acceptable grounds for cancellation but "applies only to policies of commercial insurance that are subject to Section 675.5." Cal. Ins. Code § 676.2; see also Clarendon, 442 F. Supp. 2d at 938 ("Pursuant to Cal. Ins. Code § 676.2(b), an insurer may cancel commercial insurance for any reason in the first sixty days; the statute limits the form of cancellation notices and the grounds for cancellation or policies that have been in effect for more than sixty days.").

    Defendant argues that Section 676.2 also does not apply, because Defendant is a surplus line insurer that is exempt from Section 675.5. Section 675.5 extends the insurance code chapter's application to commercial insurance and delineates what qualifies. See Cal. Ins. Code § 675.5(a)-(c). Section 675.5(d) then provides carve-outs of what "the term commercial insurance does not include." Relevant here, Section 675.5(d)(7) states that commercial insurance does not include "[s]urplus line insurance, which is nonadmitted insurance as defined in subdivision (m) of Section 1760.1." Cal. Ins. Code § 675.5(d)(7); see San Pedro Forklift, Inc. v. Capitol Specialty Ins. Corp., No. CV 11-645 DSF (CWx), 2011 WL 13220106, at *3 (C.D. Cal. May 16, 2011) ("Defendant is a surplus line insurer . . . and surplus line insurance is not covered by Section 675."); Ausmus v. Lexington Ins. Co., No. 08-CV-2342 L(LSP), 2009 WL 1098627, at *3 (S.D. Cal. Apr. 22, 2009) (noting that Section 675.5 extends application of the insurance code chapter to policies of commercial insurance but "excludes surplus line insurance

---

[1/]     Plaintiff's construction that Section 676 applies to all renewal policies relies upon a severe misreading of the timing requirement. Section 676 is clear that policies falling under Section 675 can be cancelled for any grounds prior to 60 days of taking effect, but must include an enumerated ground after 60 days or where the policy has been renewed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3779 PA (JCx) | Date | July 11, 2023 |
|---|---|---|---|
| Title | Clement 1 LLC v. Scottsdale Insurance Company | | |

from its definition of commercial insurance."); Indep. Taxi Owners Ass'n v. Pub. Livery Ins. Servs. Inc., No. CV 08-5199-GHK (AGRx), 2008 WL 11338187, at *1 (C.D. Cal. Sept. 30, 2008) ("§ 675.5 does not apply to the insurance contract between Plaintiff and Defendant because that contract was a 'surplus line insurance contract,' which are specifically excluded under the statute."). Here, Plaintiff does not dispute that Defendant is a surplus line insurer, and the Policy itself warns of Defendant's status as a surplus line insurer. (See Policy at 3, Docket No. 17-3 ("1. The insurance policy that you have purchased is being issued by an insurer that is not licensed by the State of California. These companies are called 'nonadmitted' or 'surplus line' insurers.").) Accordingly, Sections 675.5 and 676.2 do not apply.

Because no legislative restriction limited the parties' right to cancellation, the parties' agreement controls. The Policy contains a page titled "COMMON POLICY CONDITIONS," Form IL 00 17 11 98, that allows Defendant to cancel the policy by mailing or delivering a written notice of cancellation at least thirty days before the effective date of cancellation if Defendant cancels for any reason other than nonpayment of premium. (See Policy at 15, Docket No. 17-3.) Defendant did so here, making the Notice of Cancellation effective and Defendant's refusal to pay benefits under the Policy was not a breach. See Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 374, 826 P.2d 710, 728 (1992) ("[I]f defendant were given the right to do what they did by the express provisions of the contract there can be no breach."). Plaintiff has therefore failed to state a claim for breach of contract.

Furthermore, Plaintiff is unable to cure this deficiency through amendment. When assessing whether leave to amend is proper, courts consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (internal citations and quotations omitted). However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Id. "Although leave to amend should be liberally granted, the amended complaint may only allege 'other facts consistent with the challenged pleading.'" Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990) (quoting Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th. Cir. 1986)). Because Defendant's Notice of Cancellation was effective, any amendment would be futile. Plaintiff's claim for breach of contract is therefore dismissed without leave to amend.

**2.    Breach of Implied Covenant of Good Faith and Fair Dealing**

Defendant next argues that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law. "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & Gen. Ins. Co., 50 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3779 PA (JCx) | Date | July 11, 2023 |
|---|---|---|---|
| Title | Clement 1 LLC v. Scottsdale Insurance Company | | |

2d 654, 658, 328 P.2d 198, 200 (1958).  "Improper or ineffective attempts to cancel coverage may expose the insurer to liability for breach of its implied covenant of good faith and cooperation with the insured.  However, a cancellation accomplished in accordance with statutory and contractual requirements normally will not breach the insurer's implied covenant."  Clarendon, 442 F. Supp. 2d at 940 (citing Williams v. State Farm Fire & Cas. Co., 216 Cal. App. 3d 1540, 1549, 265 Cal. Rptr. 644 (1990)); see also Brodkin v. State Farm Fire & Cas. Co., 217 Ca. App. 3d 210, 218, 265 Cal. Rptr. 710 (1989) ("[T]here could be no cause of action for breach of the covenant of good faith or of any statutory duty since State Farm correctly denied the claim.").  As discussed above, Defendant successfully canceled the Policy without running afoul of statutory or contractual requirements.  Accordingly, Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing.

Further, any amendment would be futile because Defendant successfully cancelled the Policy.  Accordingly, Plaintiff claim for breach of the implied covenant of good faith and fair dealing is dismissed without leave to amend.  <u>See</u> U.S. ex rel. Lee, 245 F.3d at 1052 ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.").

## **Conclusion**

For the reasons discussed above, the Court dismisses Plaintiff's claims without leave to amend.  The Court will issue a Judgment consistent with this order.

IT IS SO ORDERED.